<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCO PEREZ,<br><br>      Plaintiff,<br><br>    v.<br><br>STEVEN MERENDINO, *et al.*,<br><br>      Defendants. | Civil Action No. 23-23431 (GC) (TJB)<br><br>**<u>MEMORANDUM ORDER</u>** |

**<u>CASTNER, U.S.D.J.</u>**

  **THIS MATTER** comes before the Court upon *pro se* Plaintiff Marco Perez's Motion for Preliminary Injunction (Emergency). (ECF No. 11.) For the reasons set forth below, and other good cause shown, the motion is **DENIED** without prejudice.

  **I.**  **BACKGROUND**

  Plaintiff filed the *pro se* complaint in this case on December 22, 2023. (ECF No. 1.) Plaintiff is confined at the Fairton Federal Correctional Institution in Fairton, New Jersey, and he sues several Defendants: Steven Merendino, Warden of FCI Fairton; Richard Dimonte, Doctor at FCI Fairton; G. Martin, Clinical Director/Lead Nurse at FCI Fairton; and Camilla Hansen, Nurse Practitioner at FCI Fairton. (*Id.* at 4, 8.) Plaintiff cites *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and he alleges that Defendants violated the Eighth Amendment to the United States Constitution by not providing him with his medically approved gluten-free diet, prescribed on June 20, 2020. (*Id.* at 4-6.) As a result of being denied gluten-free meals, Plaintiff alleges that he has suffered from pain, rashes, blisters, and swelling, which constitutes "very cruel punishment." (*Id.* at 6.)

On June 18, 2024, the Court denied without prejudice Plaintiff's motion to appoint *pro bono* counsel. (ECF No. 7.) The Court explained that Plaintiff had not meaningfully addressed most of the factors needed to determine if such counsel was appropriate. (*Id.* at 2.) The Court noted that Plaintiff could submit a renewed motion that addresses each of the factors. (*Id.*)

On July 30, 2024, Plaintiff filed a proof of service. (ECF No. 10.) Plaintiff writes that he sent a copy of the summons to each of the individual defendants "in their official capacity via certified mail" and that a "copy of each will be provided to the U.S. Attorney for the District of New Jersey." (*Id.* at 1.) Plaintiff attaches certified mail receipts dated July 2, 2024. (*Id.* at 10.)

Also on July 30, Plaintiff filed the Motion for Preliminary Injunction (Emergency). (ECF No. 11.) Plaintiff writes that due to his "abnormal" food allergy profiles,[1] he "continues to struggle with lack of a proper diet that is causing weight loss, sores (including rashes and blister-like nodules), and physical manifestations of stress and other mental health impacts." (*Id.* at 1.) Plaintiff writes further that the "issue has been present for years," and the "Health Services staff at FCI Fairton, specifically the four (4) defendants, were aware that there was a problem" but have rescinded his access to a gluten-free diet, even though "[n]othing clinically changed to support the recission." (*Id.* at 10.) Plaintiff details his medical history and his difficulties obtaining a gluten-free diet from FCI Fairton. (*Id.* at 2-6.)

**II.  DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 65(a)(1), a "court may issue a preliminary injunction only on notice to the adverse party." The notice contemplated at the initiation of a new action is that set forth by Rule 4 for service of a summons. *See, e.g.*, *Scott v. Fam. Dollar Stores*,

---

[1]  According to Plaintiff, a lab analysis in June 2020 indicated that he had a high allergy to shrimp and a lesser allergy to scallops, wheat, and sesame seed. (ECF No. 11 at 2.)

Civ. No. 20-00773, 2020 WL 7296780, at *1 (W.D. Pa. Dec. 11, 2020) ("Because [Plaintiff] has yet to properly serve Defendants as required by Federal Rule of Civil Procedure 4, [Defendants] have not been formally put on notice as to this action or the current motion."). And "[t]he notice requirement of Rule 65 'is not merely a procedural nicety, but rather, a fundamental aspect of procedural due process under the Constitution.'" *Chaves v. Int'l Boxing Fed'n*, Civ. No. 16-1374, 2016 WL 1118246, at *1 (D.N.J. Mar. 22, 2016) (quoting *Anderson v. Davila*, 125 F.3d 148, 156 (3d Cir. 1997)).

Based on the Court's review, Plaintiff does not appear to have provided proper notice to Defendants by serving the summons and complaint in accordance with Rule 4. Accordingly, the Court will deny the motion without prejudice and refer the service issues as discussed herein to the Magistrate Judge.

In the proof of service, Plaintiff indicates that he attempted to effectuate service on Defendants in their *official* capacities as officers or employees of the United States in accordance with Rule 4(i)(2).[2] (ECF No. 10 at 1.) To serve "a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . officer[] or employee." Fed. R. Civ. P. 4(i)(2). And "[t]o serve the United States, a party must" do two things. Fed. R. Civ. P. 4(i)(1). *First*, the party must either "deliver a copy of the summons and of the complaint to the United

---

[2]     Plaintiff also cites Rule 5(b)(2)(C) in his correspondence, but this rule allows for alternative means of notice only after jurisdiction is first established by serving the summons and complaint in accordance with Rule 4. *See Fischer v. Fed. Express Corp.*, 42 F.4th 366, 386 (3d Cir. 2022) ("Rule 5 does not provide an independent mechanism to establish jurisdiction where Rule 4(k) would not be satisfied. Instead, Rule 5 is better seen as an alternative to Rule 4 to providing notice to an opposing party in circumstances where the court already has personal jurisdiction over the defendant with regard to the plaintiff's claims.").

States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or . . . send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." Fed. R. Civ. P. 4(i)(1)(A). *Second*, the party must "send a copy of [the summons and complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(B).[3] And "if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer." Fed. R. Civ. P. 4(i)(1)(C).

Here, Plaintiff indicates that he sent the summons and complaint to Defendants via certified mail directed to a P.O. Box at FCI Fairton, but there is no proof that he served the United States as required by the rules. *See Cardona-Colon v. U.S. Citizenship & Immigr. Servs. Dir.*, Civ. No. 2017-0040, 2021 WL 1235126, at *10 (D.V.I. Mar. 31, 2021) ("To sue a federal . . . officer in his official capacity, Fed. R. Civ. P. 4(i)(2) requires that the United States be served with process."). Indeed, Plaintiff merely writes that a copy of the summons "will be provided to the U.S. Attorney for the District of New Jersey." (ECF No. 10 at 1.)  The failure to serve the United States renders service on Defendants in their official capacities incomplete at this time.[4]  *See, e.g., Okwuego v. Pope*, Civ. No. 20-14179, 2022 WL 279854, at *2 (D.N.J. Jan. 31, 2022) ("Plaintiff's proof of service indicates that she had certain documents left at Defendant's place of employment but does

---

[3]  *See also Gish v. Att'y Gen. U.S.*, 604 F. App'x 119, 120 (3d Cir. 2015) ("In order to serve the United States, a party must do two things.  First, she must deliver a copy of the summons and complaint to the U.S. Attorney for the district where the action is brought.  The U.S. Attorney can be served directly, via a properly designated employee, or via registered or certified mail addressed to the civil-process clerk.  Second, the party must send a copy of the summons and complaint to the Attorney General in Washington, D.C.").

[4]  Even if Plaintiff were to sue and serve Defendants as officers of the United States in their individual capacities—not their official capacities—he would still be required to serve the United States.  *See* Fed. R. Civ. P. 4(i)(3).

4

not indicate that she served the United States. Accordingly, . . . Plaintiff has not properly served Defendant . . . ."); *Edwards v. The Hillman Grp., Inc*, Civ. No. 19-22214, 2020 WL 4670929, at *4 (D.N.J. Aug. 12, 2020), *aff'd sub nom. Edwards v. Hillman Grp. Co. for S. Woods State Prison Combination Padlocks*, 847 F. App'x 112 (3d Cir. 2021) ("[R]egardless of whether a plaintiff sues a federal officer or employee individually or in his or her official capacity, the plaintiff must also serve the United States.").

Accordingly, the Court will deny the motion for a preliminary injunction without prejudice and provide Plaintiff an opportunity to effectuate proper service on Defendants.[5]

### III.  CONCLUSION & ORDER

For the reasons stated above, and other good cause shown,

**IT IS** on this 5th day of August, 2024, **ORDERED** as follows:

1. Plaintiff's Motion for Preliminary Injunction (ECF No. 11) is **DENIED** without prejudice.

2. The Court refers the service issues to the Magistrate Judge.

3. The Clerk is directed to administratively terminate the motion at ECF No. 11.

*[signature: Georgette Castner]*

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

---

[5]  Although in exceptional cases a district court may issue a temporary restraining order *ex parte*, Plaintiff has not sought *ex parte* relief, and Plaintiff indicates that the issues raised in this motion have been ongoing for a substantial period. Therefore, the Court believes it is appropriate for notice to be provided to Defendants before a decision on the merits of the motion is rendered. *See, e.g., Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438-39 (1974).